CLD-224                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-1335
_____

CARLO DONATO,
                                        Appellant

v.

WARDEN OF THE UNITED STATES PENITENTIARY ALLENWOOD, PA;
UNITED STATES ATTORNEY GENERAL
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 12-cv-00618)
District Judge:  Honorable Sylvia H. Rambo
_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
May 2, 2013
Before:  RENDELL, JORDAN and SHWARTZ, <u>Circuit</u> <u>Judges</u>

(Opinion filed: June 3, 2013 )
_____

OPINION
_____

PER CURIAM

        Carlo Donato appeals the dismissal of his petition pursuant to 28 U.S.C. § 2241 by

the United States District Court for the Middle District of Pennsylvania.  We will

summarily affirm because no substantial question is presented.

In 1996, Donato was convicted in the United States District Court for the Eastern District of New York of several counts of carjacking, conspiracy to commit carjacking, and using and carrying a firearm. The Court of Appeals for the Second Circuit affirmed the judgment of conviction and sentence. In 1998, Donato filed a motion under 28 U.S.C. § 2255 in the Eastern District of New York. The motion was denied, but the Second Circuit remanded in part for resentencing. He then filed a petition pursuant to 28 U.S.C. § 2241 in 2006. The District Court characterized Donato's filing as a second and successive § 2255 motion, denied it for lack of jurisdiction, and transferred the filing to the Second Circuit for consideration as an application for a second and successive motion. The Second Circuit denied the application.

In 2012, Donato filed another 28 U.S.C. § 2241 petition in United States District Court for the Middle District of Pennsylvania.[1] Donato alleged that he was actually innocent, and that his trial counsel was ineffective for: (1) failing to obtain an interpreter for his criminal proceedings; (2) waiving his right to testify; and (3) failing to contact the Italian consulate as required by the Vienna Convention on Consular Relations ("VCCR"). He asserted that a motion under § 2255 was inadequate because the prior proceedings he had for § 2255 relief were "inadequate and ineffective to address the fundamental defects of trial." Amend. Mot. 3, Sept. 4, 2012, ECF No. 14. The Court directed Donato to clearly identify whether he wished to proceed pursuant to § 2241 or § 2255. Donato

_____

[1] At the time, Donato was incarcerated at the United States Penitentiary in Allenwood, Pennsylvania.

chose to proceed under § 2241.  The Magistrate Judge issued a report and recommendation indicating that Donato had failed to show that he could not adequately or effectively obtain the relief he was seeking under § 2255.  Donato filed objections, but the District Court adopted the report and recommendation.  Donato appealed to this Court.

A federal prisoner may challenge his conviction or sentence under § 2241 only if the remedy provided by § 2255 is inadequate or ineffective to test the legality of his detention.  See 28 U.S.C. § 2255.  A § 2255 motion is inadequate or ineffective only where the petitioner demonstrates that some limitation of scope or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim.  See Cradle v. United States ex rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002).  In other words, only when a federal prisoner is in an unusual position of having no earlier opportunity to challenge his conviction can he avail himself of § 2241.  In re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997).

Aside from expressing dissatisfaction with the adjudication of his prior § 2255 motion, Donato fails to explain why § 2255 is inadequate or ineffective to challenge his conviction and sentence.  Furthermore, his inability to meet the stringent gatekeeping requirements for filing a second or successive § 2255 motion is not grounds for invoking § 2241.  Id.  Because Donato's claims are clearly cognizable in a § 2255 motion, § 2241 is unavailable to raise them.  The relief he is seeking can only be attained by way of a § 2255 motion.

Accordingly, we will summarily affirm the District Court's dismissal order under Third Circuit LAR 27.4 and I.O.P. 10.6.